[No. 8906.   Department One.   March 27, 1911.]

MIKE BREKICK, *Appellant*, v. PATRICK WELCH, *Respondent*.[1]

MASTER AND SERVANT—ASSUMPTION OF RISKS—DANGEROUS METH-
ODS. Where a laborer, instead of having himself let down an eighteen
foot shaft by the windlass, let the bucket down and unwound the
rope to the staple on the windlass and swung himself over the shaft
intending to slide down the rope, whereupon the staple pulled out,
he assumes the risk, as a matter of law, where he well knew the
danger. of adopting that method of entering the shaft (GOSE, J.,
dissenting).

Appeal from a judgment of the superior court for Spo-
kane county, Huneke, J., entered December 18, 1909, upon
granting a nonsuit, dismissing an action for personal in-
juries sustained by an employee engaged in railroad con-
struction work. Affirmed.

*Skuse & Morrill* and *F. H. McDermont*, for appellant.

*Robertson & Miller* and *Harry Rosenhaupt*, for respondent.

FULLERTON, J.—In 1908 the respondent, as contractor,
was engaged in the construction of a railroad bed from the
city of Spokane westerly, and had in his employ, among
others, the appellant. At the time of the accident which gives
rise to this controversy, the appellant was engaged with others
in sinking a shaft from the surface of the ground down to
the grade of the railroad bed. The surface of the ground
above the bed was at this point some eighteen feet, and to
bring the earth to the surface a windlass, ropes and bucket
were used. The rope was fastened to the windlass by an
ordinary staple placed astride the rope and driven into the
windlass. The appellant, with same five or six others, did
the work of sinking the shaft. After it had reached the level
of the grade, and just as the work was about to begin on
laterals, the foreman of the work came along and directed
the appellant to go down into the shaft and assist the men

[1]Reported in 114 Pac. 435.

there in running the laterals, at the same time telling the others, who had been operating the windlass, of some work at another place which he desired them to perform. The appellant thereupon, instead of having himself let down by the windlass as had theretofore been the practice, let the bucket drop down to the bottom of the shaft and the rope unwind to the staple, seized the rope and swung himself over the shaft, intending to slide down the rope to the bottom. His weight, however, was too great for the fastening, and the staple pulled out, letting him fall to the bottom of the shaft onto the bucket. He received permanent and severe injuries, and this action was brought to recover therefor. On the trial, after he had rested his case, the court on motion took the case from the jury and entered a judgment to the effect that the appellant take nothing by his action. This appeal followed.

The trial judge in granting the motion for judgment took the view that the danger of injury from the mode of entering the shaft, adopted by the appellant, was open and apparent, and that the appellant must be held to have assumed all the risks arising therefrom. This view has seemed to us to be sound. To review the evidence on which the conclusion is based would but lengthen this opinion and serve no useful purpose, but it can be gathered therefrom that the appellant well knew the danger to himself of the method he adopted by which to enter the shaft, and this being true, he must be held alone liable for the consequences.

The judgment appealed from will stand affirmed.

PARKER and MOUNT, JJ., concur.

GOSE, J. (dissenting)—In view of the fact that the appellant obeyed the command of the foreman, I think the question of the assumption of the risk should have been submitted to the jury. I therefore dissent.